IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| BENCHMARK INSURANCE COMPANY § | |
| § | |
| v. § | |
| § | Civil Action No. **6:22-cv-00100**_____ |
| CONEY'S BUR-GOUR-MET & BUNS, LLC; § | |
| and JESSICA DAWN SANDLIN § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW, Plaintiff, Benchmark Insurance Company ("Plaintiff" or "Benchmark"), and files this its Original Complaint for Declaratory Judgment, and asserts the following:

## I.
## PARTIES

1. Plaintiff Benchmark is a corporation organized and existing under the laws of the State of Kansas with its principal place of business in Minnesota.

2. Defendant Coney's Bur-Gour-Met & Buns, LLC ("Coney's") is a limited liability company organized under and incorporated in Texas with its principal place of business in Texas. Coney's may be served with process by serving its registered agent Erik J. Coney by serving him at 2914 Saulsbury Dr., Unit A, Temple, Texas 76504 or wherever he may be found.

3. Defendant Jessica Dawn Sandlin is an individual residing and domiciled at 2310 Valley Forge Ave., Temple, Texas 76504 and may be served with process by serving her at 2310 Valley Forge Ave., Temple, Texas 76504 or wherever she may be found, or by serving her attorneys of record, R. Andrew Rodriguez and Felix Gonzalez at The Felix Gonzalez Law Firm, P.C., 626 E. Quincy St., San Antonio, Texas 78215.

## II.
## VENUE AND JURISDICTION

4. There is complete diversity of citizenship among and between the parties to this civil action. Benchmark is a corporate citizen of Kansas and Minnesota. Defendant Coney's is a Texas limited liability company with its principal place of business in Texas and each of its members and managers are also citizens of Texas. Defendant Sandlin is an individual citizen of Texas. The amount in controversy, exclusive of interest and costs, exceeds seventy-five thousand dollars ($75,000) as this lawsuit concerns questions of insurance coverage for an underlying lawsuit in which Sandlin seeks damages from Coney's well in excess of $75,000. As such, jurisdiction in this judicial district exists pursuant to 28 U.S.C. §1332.

5. Venue is proper in this District and Division because this insurance coverage lawsuit concerns whether Benchmark's liability insurance policy issued to Coney's in this District affords liability insurance coverage to Coney's with respect to a personal injury lawsuit filed by Sandlin against Coney's that is pending an on file in the District Court of Bell County, Texas which is within this District and Division. Additionally, the underlying lawsuit concerns an alleged accident that occurred in this District and Division. Additionally, all Defendants reside in this District under 28 U.S.C. 1391 (c). Accordingly, venue is proper in this District pursuant to 28 U. S. C. 1391(b)(1) and (b)(2).

## III.
## FACTS

### A. The Benchmark Insurance Policy

6. Benchmark issued a Businessowner's Insurance Policy, policy no. CBB-00013089-00 to Coney's and covering the policy period of June 28, 2021 through June 28, 2022, that includes, among other coverages, general liability insurance coverage with a $1 Million per

"occurrence" limit ("Benchmark Policy").  A true and correct copy of the Benchmark Policy is attached hereto as **Exhibit A.**

7. The Benchmark Policy's "Businessowner's Coverage Form" (BP 00 03 07 13), Section II-Liability, A. Coverages, 1. Business Liability, provides:

> **SECTION II – LIABILITY**
>
> **A. Coverages**
>
> **1. Business Liability**
> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury", "property damage" or "personal and advertising injury" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury", "property damage" or "personal and advertising injury" to which this insurance does not apply.
>
> * * * * *

8. This general Business Liability insuring and defense provision is subject to various Exclusions as contained in Section II-Liability, B. Exclusions including the following Exclusions:

> **B. EXCLUSIONS**
>
> 1. **Applicable to Business Liability Coverage**
>
> This insurance does not apply to:
>
> * * * * *
>
> e. **Employer's Liability**
>
> "Bodily injury" to:
>
> (1) An "employee" of the insured arising out of and in the course of:
>
> (a) Employment by the insured; or

> (b) Performing the duties related to the conduct of the "insured's" business; or
>
> (2) The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".

9. Section II-Liability, section F. Liability and Medical Expense Definitions of the same policy form contains the following relevant Definitions:

> 5. "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".
>
> * * * * *
>
> 10. "Leased worker" means a person leased to you by a labor leasing firm under an agreement between you and the labor leasing firm, to perform duties related to the conduct of your business. "Leased worker" does not include a "temporary worker".
>
> * * * * *
>
> 19. "Temporary worker" means a person who is furnished to you to substitute for a permanent "employee" on leave or to meet seasonal or short-term workload conditions.

## B. Accident and Underlying Lawsuit

10. On October 22, 2021, Sandlin filed a personal injury lawsuit against Coney's styled *Jessica Dawn Sandlin v. Coney's Bur-Gour-Met & Buns, LLC,* Cause No. 21DCV326141, in the 169th Judicial District Court of Bell County, Texas ("the Underlying Lawsuit"). A true and

correct copy of Plaintiff's Original Petition as filed in the Underlying Lawsuit is attached hereto as **Exhibit B**.

11. In the Underlying Lawsuit, Sandlin alleges that on July 4, 2021, she was inside the Coney's food truck/trailer owned by Coney's at a Fourth of July event at City Park in Copperas Cove, Texas. She alleges that she was standing near the customer window when Erik J. Coney, acting in the course and scope of his employment with Coney's, poured searing hot liquid grease into a plastic container causing the plastic container to melt and the hot liquid to spill around Sandlin's shoes which caused her to then slip and fall into the searing hot grease resulting in severe burns to 26% of her body.

12. Sandlin alleges that Coney's and its personnel were negligent in various respects and that Coney's is liable for her bodily injury related damages sustained in the accident.

13. Although Sandlin's pleading is completely silent on why Sandlin was present inside the Coney's food truck at the time of the accident, Coney's has advised Benchmark that she was inside the food truck because she was working for Coney's and attending to the cash register when the accident occurred, and that Coney's had hired Sandlin the day prior to the July 4 event to work the July 4 event because Sandlin was unemployed and needed the work.

## IV.
## REQUEST FOR DECLARATORY JUDGMENT

14. Benchmark incorporates by reference the preceding paragraphs 1-13 in this Complaint.

15. Benchmark brings this declaratory judgment action under 22 U.S.C. §2201 seeking court resolution of the disagreements and uncertainties regarding the rights and obligations of the parties under the Benchmark Policy.

**Count One**

16.     Benchmark asserts and requests a declaratory judgment from this Court that Sandlin's claims against Coney's in the Underlying Lawsuit are excluded from liability coverage under the Benchmark policy by the "Employers Liability" Exclusion because Sandlin was an "employee" of Coney's at the time of the accident and her alleged injuries were sustained in the course of her employment or while she was performing duties related to Coney's business.

17.     Benchmark requests a declaratory judgment that it owes no duty to defend Coney's in the Underlying Lawsuit in light of the Employer's Liability Exclusion.

**Count Two**

18.     Benchmark asserts and requests a declaratory judgment from this Court that Sandlin's claims against Coney's in the Underlying Lawsuit are excluded from liability coverage under the Benchmark policy by the "Employers Liability" Exclusion because Sandlin was an "employee" of Coney's at the time of the accident and her alleged injuries were sustained in the course of her employment or while she was performing duties related to Coney's business.

19.     Benchmark request a declaratory judgment that it owes no coverage for any judgment against Coney's in the Underlying Lawsuit in light of the Employer's Liability Exclusion.

**PRAYER**

WHEREFORE PREMISES CONSIDERED, Benchmark prays that the Court enter the declaratory judgments of no duty to defend, and no coverage as set out above, and for such other and further relief to which Benchmark may show itself justly entitled.

Respectfully submitted,

*David J Schubert* (signature)

David J. Schubert—Attorney in Charge
State Bar No. 17820800
E-Mail: DSchubert@SchubertEvans.com
Stephen Burnett
State Bar No. 24006931
E-Mail: SBurnett@SchubertEvans.com

**Schubert & Evans, P.C.**
900 Jackson, Suite 630
Dallas, Texas 75202
Telephone: (214) 744-4400
Facsimile: (214) 744-4403

**ATTORNEYS FOR PLAINTIFF BENCHMARK INSURANCE COMPANY**